# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| FARAH TOYI<br>2889 Windwood Way<br>El Cajon, CA 92019<br>      Plaintiff<br><br>v.<br><br>ALEJANDRO MAYORKAS, in his official capacity, Secretary, U.S. Department of Homeland Security;<br>UR M. JADDOU, in her official capacity, Director, U.S. Citizenship and Immigration Services;<br>JENNIFER B. HIGGINS, in her official capacity, Associate Director of Refugee, Asylum and International Operations, U.S. Citizenship and Immigration Services,<br>   2707 Martin Luther King Jr. Ave, SE<br>   Washington, DC 20528-0485<br><br>MERRICK B. GARLAND, Attorney General, Office of Attorney General U.S. Department of Justice;<br>   950 Pennsylvania Avenue, NW<br>   Washington, DC 20530-0001<br><br>      Defendant(s). | Civil Action No: 1:23-cv-3667 |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

Brian J. Kholodovsky, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 28411 Northwestern Hwy, Suite 875, Southfield, Michigan 48034, Ph: 248-850-7841, Facsimile: 312-767-9030, Email: brian@jeelani-law.com.

## INTRODUCTION

COMES NOW FARAH TOYI (hereinafter "FARAH", or "Plaintiff") the Plaintiff, by and through the undersigned attorney in the above cause and states as follows:

1. This action is brought as a result of Defendants' failure to adjudicate Plaintiff FARAH's Form I-589, Application for Asylum and Withholding of Removal, (hereinafter "Asylum Application" or "Application") within the statutory period of 180 days pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii). As Plaintiff's Application has been pending for almost seven years; Defendants have taken 12 times the maximum statutory period they are given to adjudicate asylum applications.

2. Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application, which has been pending for almost seven years with the United States Citizenship and Immigration Services.

3. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Petition as USCIS Asylum offices are fully operating and conducting asylum interviews; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

## PARTIES

4. Plaintiff FARAH is a resident of San Diego County, California and a citizen of Iraq. She properly filed Form I-589, Application for Asylum and Withholding of Removal (Receipt Number: ZLA1700006310) on January 06, 2017, with the United States Citizenship and Immigration Service.

5. Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

6. Defendant UR M. JADDOU is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

7. Defendant JENNIFER B. HIGGINS is the Associate Director of Refugee, Asylum and International Operations; she is an official generally charged with supervisory authority over all operations of USCIS Asylum Offices. This action is filed against her in her official capacity.

8. Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

10. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

11. The Plaintiff has repeatedly requested the Defendants to take action on her Application. Plaintiff has reached out to the San Diego Field Office several times by email and was placed on the standby list. After such requests and inquiries failed, Plaintiff notified the Defendants of her intent to file suit. The Defendants have failed to respond to such notice. The threat of judicial intervention has been meaningless in expediting a resolution.

12. The Plaintiff has exhausted his administrative remedies. Plaintiff has supplied USCIS with all documents and information that have been requested of him.

13. There are no further administrative remedies available for Plaintiff to utilize.

## GENERAL ALLEGATIONS

14. Plaintiff is a citizen of Iraq who properly filed his Asylum Application with USCIS on January 06, 2017 (Receipt Number: ZLA1700006310). **[Exhibit A].** As of the date of this filing, Plaintiff's Application remains unadjudicated for a period of over three years**.**

15. Since January 06, 2017, USCIS has made no requests for evidence or information from the Plaintiff.

16. In the almost seven years following the filing of the Application, Plaintiff has made numerous inquiries and requests with USCIS.

17. On May 25, 2021, Plaintiff requested and was placed on the standby list at the San Diego Field Office, almost three years has passed since that time with no interview being scheduled.

18. As of this date, Plaintiff's inquiries and requests have not amounted to any meaningful responses by USCIS, much less any scheduling of interviews or requests for further information.

USCIS has only responded with generic statements providing that Plaintiff's case is pending the scheduling of an interview.

19. Plaintiff's Application has been pending for a period of almost seven years.

20. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to schedule an interview in his application.

21. Defendants' delay and inaction is causing irreparable harm to Plaintiff as she is unable to become a permanent resident.

## VIOLATION OF THE APA

22. All prior paragraphs are re-alleged as if fully stated herein.

23. Plaintiff has a statutory right to apply for asylum and to be considered for relief under the same pursuant to 8 U.S.C. § 1158(a).

24. Defendants have a statutory duty to adjudicate asylum applications within 180 days of filing pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).

25. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

26. No other adequate remedy is available to Plaintiff.

27. Defendants have failed in their statutory duty to adjudicate the Application in 180 days.

28. As Plaintiff's Application has been pending for almost seven years; Defendants have taken 12 times the maximum statutory period they are given to adjudicate asylum applications.

29. Defendants' delay in this case is, as a matter of law, arbitrary, in violation of Plaintiff's due process rights and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to take action on the Plaintiff's Application.

30. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on the Plaintiff's Application for a period of over three years and have failed to carry out the adjudicative functions that are delegated to them by law with regard to Plaintiff's case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

1. That Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff's Asylum Application;

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff's Application immediately;

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper.

Date: 11/21/2023                     Respectfully submitted,

    /s Brian J. Kholodovsky
**Brian J. Kholodovsky, Esq. (6300193)**
**JEELANI LAW FIRM, PLC**
**28411 Northwestern Hwy, Suite 875**
**Southfield, MI 48034**
**brian@jeelani-law.com**
**Phone:(248) 850-7841**
**Fax:(312) 767-9030**
*Counsel for Plaintiff*